IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,799-01






EX PARTE AUDEN AMANCIO CASTILLO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-34,910 IN THE 161ST DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
possession of cocaine, less than one gram and sentenced to nineteen months' imprisonment
in state jail. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was in such pain, due to
a medical condition that was not being treated, that he could not fully understand the
consequences of his plea nor could he fully communicate and cooperate with his attorney. 
He also alleges that counsel was ineffective for failing to inform the court of Applicant's
condition and lack of treatment or to attempt to delay the proceedings until Applicant could
be returned to the proper medications for his condition. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. It appears that Applicant is represented by counsel. If the trial court elects to hold
a hearing, it shall determine if Applicant is represented by counsel, and if not, whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the
trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law regarding whether
Applicant was denied effective assistance of counsel and whether Applicant's plea was
involuntary. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: October 21, 2009

Do not publish